# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2517

_____

Michael Jones,                               *
                                             *
              Appellant,                     *
                                             *   Appeal from the United States
       v.                                    *   District Court for the
                                             *   District of Minnesota.
Tom Roy, Commissioner                        *
of Department of Corrections,                *   [UNPUBLISHED]
Joan Fabian, Former Commissioner             *
of Corrections, sued in their                *
individual and official capacities,          *
                                             *
              Appellees.                     *
                                             *

_____

Submitted: October 7, 2011
Filed: October 7, 2011

_____

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

Michael Jones appeals the district court's[1] pre-service dismissal with prejudice of his 42 U.S.C. § 1983 complaint, in which he alleged that his personal property had been confiscated and retained by the Minnesota Department of Corrections without affording him due process. Upon careful de novo review, this court concludes that dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) was proper. *See Moore v. Sims*, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (standard of review).

Specifically, Jones did not state a claim against defendants in their individual capacities because he did not plead facts suggesting they were personally involved in the confiscation and deprivation of his property. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). His claim against defendants in their official capacities failed because Minnesota provides an adequate post-deprivation remedy that Jones may pursue to obtain possession of his property. *See Hudson v. Palmer*, 486 U.S. 517, 533 (1984) (unauthorized, negligent, or intentional deprivation of property by state employee does not violate Due Process Clause if adequate post-deprivation remedy is available); *Storms v. Schneider*, 2011 WL 3426034, at *2 (Minn. App. Aug. 8, 2011) (noting that replevin action under Minnesota law is "appropriate means to recover possession of personal property"); *see also Swenson v. Holder*, 783 N.W.2d 580 (Minn. App. 2010) (asserting official-capacity claim against Minnesota Commissioner of Department of Natural Resources for, inter alia, replevin and conversion).

This court also finds the district court did not abuse its discretion in denying Jones's motion to amend his complaint, because Jones never explained how he would amend his allegations to state a viable claim. *See Moore v. Jackson*, 123 F.3d 1082, 1089 (8th Cir. 1997) (per curiam) (standard of review).

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Leo I. Brisbois, United States Magistrate Judge for the District of Minnesota.

This court affirms. *See* 8th Cir. R. 47B.

_____